## APRIL TERM, 1907.

## FROST v. HOUX ET AL.

BROKERS—REAL ESTATE AGENTS—COMMISSIONS.

1. A real estate agent with whom property is listed for sale upon an agreed commission performs his part of the contract upon producing a purchaser who is able, ready and willing to purchase at the price named, and on terms of payment satisfactory to the seller.

2. The agent's right to an agreed commission for the sale of real estate will not be defeated by the fact that the seller had failed or refused to furnish the agent with the terms of payment which would be acceptable, where the seller accepts the terms offered by a purchaser produced by the agent, or the purchaser· takes the property on the seller's terms, at the price at which the agent was authorized to sell.

3. Nor will the right to the commission be defeated by the fact that before the unconditional listing of the property with the agent, the purchaser produced by him had written the owner about the property and been informed that it was for sale on certain conditions, nothing further having been done or said by the owner in negotiating the sale previous to the listing, and the evidence showing that he did not then regard the party writing him as a prospective purchaser.

[Decided April 15, 1907.]                    (89 Pac., 568.)

ERROR to the District Court, Big Horn County, HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*W. L. Walls* and *E. E. Enterline,* for plaintiff in error.

The plaintiff was never in a position to make a sale. He was unacquainted with the terms of sale, and did not make it. The only information the purchaser received from the plaintiff was the price, nothing as to terms. In addition to that the purchaser had theretofore been communicating with the owner and later fixed the terms and made his agreement with the owner. The plaintiff knew that the defendant, Jesse M. Frost, did not own the ranch, because he requested the latter to write to his father for the terms of sale.

It was incumbent upon the plaintiff to find a buyer who was able, ready and willing to purchase on the terms proposed by his principal before he could successfully claim his commission. (Fisk v. Henari, (Ore.), 9 Pac., 322; Finnerty v. Fritz, 5 Colo., 174; Buckingham v. Harris (Colo.), 15 Pac., 817.) It was not alleged nor did the court find that the defendants had agreed to furnish the plaintiff with the terms of sale, nor that they did other than the price.

*H. S. Ridgely,* for defendant in error.

The only proper conclusion to draw from the evidence is that defendant at one time thought he could sell this property to Marston, who finally bought it. But concluding, as he says in his testimony, that the proposition was too large for Marston to handle, he listed it with plaintiff. As soon as Marston saw the property was on the market he wanted to purchase it. Defendant thereupon thought he could conclude the deal and avoid paying the commission. He could certainly conclude the deal without plaintiff's knowledge or consent, but the law does not permit him to escape paying

the commission.   He cannot have the benefit of plaintiff's services without paying for them, as the plaintiff from the evidence certainly produced a purchaser, not only willing and ready to buy, but who did buy.   And this must have been the view taken by the trial court upon the evidence. (Plant v. Thompson, 22 Pac., 726; Barnes v. German Sav. & L. Soc., 58 Pac., 569.)

BEARD, JUSTICE.

Frank L. Houx, one of the defendants in error, instituted this action in the District Court of Big Horn County to recover from Jesse M. Frost, plaintiff in error, and Mahlon L. Frost and Nancy E. Frost, his co-defendants in error, the sum of $500, which he alleged was due him as commission for the sale of certain real estate and personal property.   The case was tried to the court without a jury, and judgment rendered in .favor of Houx and against Jesse M. Frost for the amount claimed, and the case dismissed as to Mahlon L. and Nancy E. Frost.   Jesse M. Frost brings error.

The District Court, upon request, stated its findings of fact and conclusions of law in writing; and it is urged by the plaintiff in error that the findings of fact are not sustained by the evidence; that the judgment is not sustained by the findings and is contrary to the evidence, and contrary to law.

The facts material to the issues here, as found by the court, are, that Jesse M. Frost listed for sale with Houx, a real estate agent, certain property consisting of a ranch belonging to his father and mother, the other parties to the suit, ranch cattle and other property in which he had an interest; that said property was listed as a whole to be sold at the gross price of $18,000; that it was agreed between Houx and said Frost that Houx should be paid by Frost a commission of $500, in case a sale of said property should be negotiated through the agency of Houx; that through the agency of Houx and by means of advertise-

ments made by him, and through his efforts in securing a purchaser for said property, negotiations were commenced and entered into between Houx and one Marston, which negotiations were continued between Frost and Marston and culminated in a sale of the property to Marston at the agreed price of $18,000; that neither Mahlon or Nancy Frost knew of the listing of the property with Houx until after the sale and conveyance to Marston and never agreed to pay any commissions and had never ratified the act of Jesse Frost in so listing the property; that about January 2, 1905, and before the listing of the property with Houx, Marston wrote to Mahlon L. Frost, asking about the sale of his ranch, and that he replied to Marston to the effect that he would sell under certain conditions; that nothing further was done by either of the Frosts in the way of negotiations for the sale of the ranch to Marston previous to the time it was listed by Jesse Frost with Houx, which was about March 9, 1905.

The court found as a matter of law, that Houx had earned and was entitled to the commission of $500, agreed upon between him and Jesse Frost, and that Jesse Frost was liable to him therefor, and that the other defendants were not liable.

Without here reviewing or setting out the evidence, it is sufficient to say, that an examination of the evidence satisfies our minds that the facts found by the court are sufficiently sustained by it. It is contended that the facts so found do not sustain the conclusions of law and judgment; because it was incumbent upon the agent to find a purchaser who was able, ready and willing to purchase upon the terms proposed by his principal before he would be entitled to the commission; and as no terms had ever been furnished or agreed to be furnished by Frost to Houx, no commission could be earned by the. latter. We think this contention is not tenable. The agent performed his part of the contract and was entitled to his commission when he produced a purchaser who was able, ready and willing. to purchase at

the price named and on such terms of payment as were satisfactory to the seller. That the terms were satisfactory is established by the fact that the sale was consummated and at the agreed price. The seller could not defeat the agent's right to the commission by refusing to give him the terms of payment which would be satisfactory and which he accepted from the purchaser produced by the agent. Having failed to furnish the agent with the terms that would be acceptable, he cannot defeat the agent's right to recover his commission after having accepted the terms offered by the purchaser; or where the purchaser takes the property at the terms offered by the seller—the price being that at which the agent was authorized to sell. (Buckingham v. Harris, 15 Pac., 817.)

It is also urged that Houx did not find a purchaser, and that Marston was known to and had communicated with the owner of the ranch before the property was listed with Houx, and that the court so found. The court did find that Marston had written to Mahlon L. Frost asking about the sale of his ranch and had a reply from him to the effect that he would sell on certain conditions; but the court also found in that connection that nothing further was done or said by either of the Frosts in the way of negotiations for the sale of the ranch previous to the time of listing the property for sale with Houx. The evidence quite clearly shows that Frost at the time he listed the property did not regard Marston as a prospective purchaser. He certainly made no reservation or exception in case of a sale to Marston. The findings support the judgment, and we find no error in the record. The judgment of the District Court is, therefore, affirmed.        ·                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.